**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 25 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-31614 |
| | ) | |
| Christiane Perkins, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER**

This case came before the court for hearing on Debtor's "Objection to the Trustee's Notice of Assets," which the court construes as a motion for turnover ("Motion"). [Doc. # 15]. In the Motion, Debtor asks the court to order the Chapter 7 Trustee to turnover to her certain funds in the Trustee's possession that are being treated as assets of the bankruptcy estate.[1] The basis of Debtor's request is that the funds in the Trustee's possession constitute student loan funds awarded under Title 20 of the United States Code and, as such, are exempt under 20 U.S.C. § 1095a. At the hearing, Debtor offered testimony and other evidence in support of her position, and both the Trustee and Debtor offered argument in support of their respective positions.

On further consideration, however, the court finds the procedural posture of Debtor's Motion

---

[1] The funds were obtained as a result of a prepetition garnishment of Debtor's bank account. They were turned over to the Trustee by the Toledo Municipal Court after Debtor filed her Chapter 7 petition.

problematic. "When a debtor files a Chapter 7 petition, all of the debtor's assets become property of the bankruptcy estate, *see* 11 U.S.C. § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(l)." *Schwab v. Reilly*, 130 S. Ct. 2652, 2657 (2010). Debtor does not dispute the fact that the funds are property of the bankruptcy estate subject to a claim of exemption. However, Debtor has not properly claimed her interest in the funds as exempt.

Section 522 of the Bankruptcy Code sets forth the manner in which exemptions must be claimed. "The debtor shall file *a list of property* that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt *on such list* is exempt." 11 U.S.C. § 522(l) (emphasis added). Rule 4003 of the Federal Rules of Bankruptcy Procedure direct the debtor to list exempt property on the schedule of assets required to be filed by Federal Rule of Bankruptcy Procedure 1007, which in turn requires the debtor to file a schedule of assets as prescribed by the appropriate Official Forms. *See* Fed. R. Bankr. P. 4003(a) and 1007(b)(1). Official Form 6 includes a Schedule C on which the debtor must claim property as exempt. *See Reilly*, 130 S. Ct. at 2660 (recognizing that "the list of property" to which § 522(l) refers is "currently known as 'Schedule C'"); *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 874 (B.A.P. 6th Cir. 2007) ("proposed exemptions must be listed on the debtor's Schedule C"); *In re Zaidi*, 293 B.R. 861, 862-63 (Bankr. E.D. Va. 2002) ("In order to claim an exemption in bankruptcy, the exemption must be scheduled on Schedule C of the debtor's schedules.").

In this case, Debtor has neither scheduled the funds at issue as assets on bankruptcy Schedule B nor has she listed her interest in the funds as exempt on Schedule C. Until an exemption is properly claimed, Debtor has no basis for asserting a right to the funds. This requirement is more than a mere formality. It provides notice to all interested parties, including creditors, as to property interests in which the debtor is claiming an exemption. Rule 4003 specifies the time within which interested parties must object to the exemptions claimed on Schedule C. *Reilly*, 103 S. Ct. at 2661 n.6. Rule 4003 also provides that the objecting party has the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c). By contrast, with respect to a motion for turnover, the burden of proof is on the party seeking turnover. *United States v. Chalmers (In re Wheeler),* 252 B.R. 420, 425 (W.D. Mich. 2000).

The court will, therefore, deny Debtor's Motion without prejudice as the exemption issues raised are not before the court in the procedural context required by § 522(l) and Rule 4003. Debtor will be granted twenty-one days to file an amended Schedule C to claim an exemption in the funds at issue in the

Trustee's possession.[2]  *See* Fed. R. Bankr. P. 1009(a).

       **THEREFORE**, for the foregoing reasons, good cause appearing,

       **IT IS ORDERED** that Debtor's Motion captioned Objection to the Trustee's Notice of Assets [Doc. # 15] be, and hereby is, **DENIED**; and

       **IT IS FURTHER ORDERED** that Debtor is granted twenty-one days from the date of this order to file an amended Schedule C.

---

[2]  To the extent that an objection to any claimed exemption in the funds at issue is filed, it may be appropriate to incorporate the record of the hearing on Debtor's Motion into the record of any further proceeding, at which the court would entertain further evidence and argument on the appropriate method of tracing exempt funds commingled with other funds in a bank account.